Fuchsberg, J. (dissenting).
I believe, as did Justices Markewich and Kupferman, who dissented at the Appellate Division, that the charge in this case, by repeatedly presenting an admixture of nuisance and negligence in a manner and to an extent that could have misled the jury, should bring a reversal. All the more is that so because of the Trial Judge’s insistent refrain that the injury to the plaintiffs property was required to be intentionally inflicted. Accordingly, I must dissent.
In doing so, I should note that, while in the main I am in agreement with the majority of our court in its discussion of the substantive law of nuisance, I believe the readiness with which it uses the term "negligence” in the context of this action for nuisance is counterproductive to the eradication of the confusion which has so long plagued that subject. Words such as "intent”, "negligence” and "absolute liability” refer not to the result of the conduct of a defendant who intrudes unreasonably on the use and enjoyment of another’s property, but rather to the method of bringing it about. Too often, as here, it serves to divert from focusing on the basic legal issue.
Nuisance traditionally requires that, after a balancing of the risk-utility considerations, the gravity of harm to a plaintiff be found to outweigh the social usefulness of a defendant’s activity (Prosser, Torts [4th ed], p 581). For no matter whether an act is intentional or unintentional, there should be no liability unless the social balance of the activity leads to the conclusion that it is unreasonable (cf. Meyer v Gehl Co., 36 NY2d 760, 764 [dissenting opn]).
Interestingly, sections 826 and 829A of the Restatement of Torts 2d (Tent Draft Nos. 17, 18) have now given recognition to developments in the law of torts by moving past the traditional rule to favor recovery for nuisance even when a defendant’s conduct is not unreasonable. To be exact, section *573 826 (Tent Draft No. 18, pp 3-4) reads: "An intentional invasion of another’s interest in the use and enjoyment of land is unreasonable under the rule stated in section 822, if (a) the gravity of the harm outweighs the utility of the actor’s conduct, or (b) the harm caused by the conduct is substantial and the financial burden of compensating for this and other harms does not render infeasible the continuation of the conduct”. (See, also, Wade, Environmental Protection, Common Law of Nuisance, 8 Forum 165, 171.)
Indeed, a fair reading of Boomer v Atlantic Cement Co. (26 NY2d 219) would indicate that the position articulated by the Restatement’s Tentative Draft is consistent with the decision of our court in that case. The plaintiffs in Boomer were landowners who were substantially damaged by air pollution caused by the defendant’s cement plant. However, since the court found that the adverse economic effects of a permanent injunction which would close the plant would far outweigh the loss plaintiffs would suffer if the nuisance continued, it limited the relief it granted to an award of monetary damages as compensation to the defendants for the "servitude” which had been imposed on their lands (26 NY2d, at p 228). Taken into account was the fact that an injunction would have put 300 employees out of work and caused forfeiture of a $45,000,000 investment, while plaintiffs’ permanent damages were only $185,000 (26 NY2d, at p 225) and that the burden of compensating for the harm did "not render infeasible the continuation of the conduct” (Restatement, Torts 2d, § 826 [Tent Draft No. 18], pp 3-4; see, also, Ellickson, Alternatives to Zoning: Covenants, Nuisance Rules and Fines as Land Use Controls, 40 U Chi L Rev 681, 720).
On the basis of these principles, it follows that, on reversal the plaintiff in this case should be permitted to sustain its action for damages on proof that the harm is substantial and that the financial burden of compensating for the harm does not render "infeasible” the continuation of the defendant’s business activity.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur with Judge Cooke; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed.